**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| KRISTIN NUSSPICKEL and ) <br> THOMAS NUSSPICKEL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PROFESSIONAL ACCOUNT ) <br> SERVICES, INC., ) <br> ) <br> Defendant. ) | Case No. 3:23-cv-00142 |

## PLAINTIFFS' COMPLAINT

Plaintiffs, KRISTIN NUSSPICKEL ("Kristin") and THOMAS NUSSPICKEL ("Thomas") (collectively "Plaintiffs"), through their attorney, Agruss Law Firm, LLC, allege the following against Defendant, PROFESSIONAL ACCOUNT SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiffs' Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiffs are natural persons residing in the City of Dallas, Dallas County, State of Texas.

8. Plaintiffs are consumers as that term is defined by the FDCPA and TDCA.

9. Plaintiffs allegedly owe a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Defendant attempted to collect a consumer debt from Plaintiffs.

12. Defendant is a collection agency located in the City of Brentwood, Travis County, State of Texas.

13. Defendant is a business entity engaged in the collection of debt within the State of Texas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via

the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with a medical bill.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. In or around May 2022, Defendant began placing calls to Kristin's telephone number at ▇▇▇-8483 and Thomas' telephone number at ▇▇▇-9003, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 817-591-1111, which is one of Defendant's telephone numbers.

23. On more than one occasion since Defendant began calling Plaintiffs, Plaintiffs have answered Defendant's call and have spoken with Defendant's collectors.

24. On or about May 10, 2022, Kristin answered Defendant's call and spoke with Defendant's male collector, Jason.

25. During the immediately above-mentioned conversation:

    a. Kristin disputed owing the alleged debt.

    b. Kristin explained that the alleged debt was submitted under the wrong patient account and that she is appealing the claim with her health insurance company.

    c. Jason told Kristin that collection on the account would continue because she owes the alleged debt.

    d. Jason told Kristin that collection activity would continue until Kristin had an attorney representing her.

    e. Kristin requested for Defendant to stop calling her.

26. On or about August 25, 2022, Kristin called Defendant and spoke with Defendant's male collector, Mike Moore.

27. During the immediately above-mentioned conversation:

    a. Kristin disputed owing the alleged debt.

    b. Kristin explained that the alleged debt was submitted under the wrong patient and that she is appealing the claim with her health insurance company.

    c. Mike asked Kristin he Defendant could continue to place collection calls to her.

    d. Kristin told Mike that Defendant could not contact Plaintiffs.

28. Despite the foregoing, Defendant continued to call Plaintiffs in an attempt to collect the alleged debt.

29. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiffs.

30. The natural consequences of Defendant's statements and actions was to cause Plaintiffs mental distress.

31. Defendant engaged in the foregoing conduct with intent to harass, abuse and annoy Plaintiffs.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

32. Plaintiffs repeat and re-allege paragraphs one (1) through thirty-one (31) of Plaintiffs'

Complaint as the allegations in Count I of Plaintiffs' Complaint.

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiffs' telephones unabated after Kristin repeatedly requested for Defendant to stop calling them;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiffs' telephones unabated after Kristin repeatedly requested for Defendant to stop calling them;

    c. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiffs that Defendant was permitted to contact Plaintiffs in an attempt to collect a debt not owed by Plaintiffs unless Plaintiffs were represented by an attorney and when Defendant falsely represented that Plaintiffs is responsible for an alleged debt that they do not owe;

    d. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiffs' dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt;

    e. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities

5

and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to attempt to collect the alleged debt after Kristin disputed owing the alleged debt and explained why they do not owe the alleged debt; and

f. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiffs, KRISTIN NUSSPICKEL and THOMAS NUSSPICKEL, respectfully request judgment be entered against Defendant, PROFESSIONAL ACCOUNT SERVICES, INC., for the following:

34. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

35. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

37. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

38. Plaintiffs repeat and re-allege paragraphs one (1) through thirty-one (31) of Plaintiffs' Complaint as the allegations in Count II of Plaintiffs' Complaint.

39. Defendant violated the TDCA based on the following:

a. Defendant violated Tex. Fin. Code § 392.304(19) by using any false representation or deceptive means to collect a debt or information concerning a

6

consumer, when Defendant continued to call Plaintiffs' telephones unabated after Kristin repeatedly requested for Defendant to stop calling them and when Defendant created the false impression on Plaintiffs that Defendant was permitted to contact Plaintiffs in an attempt to collect a debt not owed by Plaintiffs unless Plaintiffs were represented by an attorney.

WHEREFORE, Plaintiffs, KRISTIN NUSSPICKEL and THOMAS NUSSPICKEL, respectfully requests judgment be entered against Defendant, PROFESSIONAL ACCOUNT SERVICES, INC., for the following:

40. For actual damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

41. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

42. For attorneys' fees, costs and disbursements;

43. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

44. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  January 19, 2023            RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
    Michael S. Agruss
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff